and driven by one of its employees. After completion of work he had been directed by his foreman to take the truck to the garage. He followed his usual route from the stable toward the garage until he reached First avenue and Twenty-fourth street when, instead of going to the garage in Twenty-fourth street, he proceeded up First avenue to Eightieth street and then west on Eightieth street to Second avenue, where he let friends off the truck whom he had accommodated with a ride. On his return, at Sixty-seventh street and Second avenue, the accident happened.

*Maxwell Slade* and *David H. Slade* for appellants.

*George P. Nicholson, Corporation Counsel (John F. O'Brien, Elliot S. Benedict* and *William R. White* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

ABRAM C. WISNER, Appellant, *v.* EDWARD H. JEWETT, Respondent.

*Contract — sale — action to recover consideration for transfer of option to purchase stock — defense that at time of transfer option had expired.*

*Wisner* v. *Jewett,* 213 App. Div. 667, affirmed.
(Argued May 31, 1926; decided July 9, 1926.)

APPEAL from a judgment entered October 21, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint. The action was on contract. The complaint alleged that plaintiff, having an option to purchase certain stock, transferred the same to the defendant in consideration of his agreement to transfer to plaintiff a certain number of shares of the stock after purchase. The defense was that at the time of the agreement,

plaintiff's option had expired and he had nothing to transfer.

*Alfred R. Page* for appellant.

*I. Maurice Wormser, Peter J. Baxter* and *Paul M. Abrahams* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

In the Matter of the Application of JAMES HART, Appellant, against GEORGE V. MCLAUGHLIN, as Police Commissioner of the City of New York, Respondent.

*New York city — police — compulsory retirement of lieutenant of police on arrival at sixty years of age — motion for mandamus on ground that retirement was arbitrary exercise of discretionary power denied.*

*Matter of Hart* v. *McLaughlin,* 216 App. Div. 741, affirmed.

(Argued May 31, 1926; decided July 9, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 12, 1926, which unanimously affirmed an order of Special Term denying a motion for an order of mandamus to compel restoration of petitioner to the position of lieutenant of police in the police department of the city of New York. Petitioner had been retired from the force and awarded a pension upon the sole ground that he had reached the age of sixty years, under section 355 of the charter which provided: " * * * the said commissioner may in like manner relieve and dismiss from the service and place on the roll of the police pension fund, and grant and award a pension to any member of said force other than an honorably discharged soldier or sailor of the Mexican or late Civil War who shall have reached the age of sixty years." It was shown that petitioner was capable and fit for service and that many members of the police force over sixty years of age were retained in service and argued that his retirement was an arbitrary exercise of a discretionary power.